IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JAN 1 0 2011

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

| | |
|---|---|
| GOLDENWEST FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br><br> vs. <br><br> GENWORTH MORTGAGE INSURANCE CORPORATION, BANK OF AMERICA, and DOE DEFENDANTS 1 through 5, <br><br> Defendants. | **ORDER** <br><br><br><br><br> Civil Case No. 1:10-cv-140 <br><br> Judge Dee Benson |

Before the court is Defendant Genworth Mortgage Insurance Company's Motion to Stay Proceedings and Compel Arbitration. (Dkt. No. 12.) The two parties relevant to this matter are Plaintiff Goldenwest Credit Union, a federally chartered credit union based in Ogden, Utah ("Goldenwest"), and Defendant Genworth Mortgage Insurance Corporation, a North Carolina Corporation ("Genworth"). This order is not applicable to Defendant Bank of America.

## BACKGROUND

In March 2005, Goldenwest entered into a contract for mortgage insurance with Genworth's predecessor, General Electric Mortgage Insurance. (Dkt. No. 20.) The contract contains an

arbitration provision that provides, in part, that:

> **[u]nless prohibited by applicable law, all controversies or claims arising out of or relating to this Policy, or the breach, interpretation or construction thereof, shall be settled by arbitration in accordance with the Title Insurance Arbitration Rules of the American Arbitration Association** in effect on the date the demand for arbitration is made; provided, however, that the Company or the Insured both retain the right to seek a declaratory judgment from a court of competent jurisdiction on matters of policy interpretation.

(*See* Dkt. No. 13 at 3)(emphasis in original pleading).

In July 2010, Goldenwest filed suit in the Second Judicial District Court of Weber County, State of Utah. *Goldenwest Federal Credit Union v. Genworth Mortgage Insurance Corporation, et al.*, Civil No. 100905709. Genworth subsequently removed the action to this court pursuant to 28 U.S.C. § 1441, *et seq.*

In its Motion to Stay and Compel Arbitration, Genworth maintains that the claims alleged in Goldenwest's complaint "fall squarely within the . . . [contract's] arbitration clause." (Dkt. No. 13 at 4.) Thus, as Genworth states, the claims must "be settled by arbitration." *Id.* In its response to the motion, Goldenwest asserts that the contract's arbitration provision is impermissible under Utah law, and cannot be enforced. (Dkt. No. 20 at 2-3.) Genworth addresses this assertion in its reply by arguing that the Utah law governing arbitration provisions in insurance contracts is preempted by Section 2 of the Federal Arbitration Act ("FAA"), and under the FAA, the arbitration provision is binding. (Dkt. No. 22 at 2.) For the reasons set forth herein, this court agrees with Genworth.

## DISCUSSION

Utah law mandating special notice requirements for arbitration clauses in insurance contracts found in UTAH CODE ANN. §31A-21-314 and UTAH ADMIN. CODE r.590-122-4-5 is

2

preempted by § 2 of the FAA. Utah Administrative Code Rule 590 requires that all arbitration provisions in insurance contracts include the following statement in capital letters:

> ANY MATTER IN DISPUTE BETWEEN YOU AND THE COMPANY MAY BE SUBJECT TO ARBITRATION AS AN ALTERNATIVE TO COURT ACTION PURSUANT TO THE RULES OF (THE AMERICAN ARBITRATION ASSOCIATION OR OTHER RECOGNIZED ARBITRATOR), A COPY OF WHICH IS AVAILABLE ON REQUEST FROM THE COMPANY. ANY DECISION REACHED BY ARBITRATION SHALL BE BINDING UPON BOTH YOU AND THE COMPANY. THE ARBITRATION AWARD MAY INCLUDE ATTORNEY'S FEES IF ALLOWED BY STATE LAW AND MAY BE ENTERED AS A JUDGEMENT IN ANY COURT OF PROPER JURISDICTION.

UTAH ADMIN. CODE r.590-122-4-5. If a contract fails to include this provision, it is deemed "impermissible" and is unenforceable. *Id.* This rule, while still in effect in certain circumstances, is no longer binding on arbitration provisions contained in contracts involving interstate commerce[1].

Section 2 of the FAA provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

In interpreting section 2 of the FAA, the United States Supreme Court held that "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable *only* to arbitration

---

[1] Neither party in this matter disputes that an insurance contract between citizens of two separate states, one of which is a federally chartered financial institution, involves commerce. *(See* Goldenwest's Memorandum in opposition Dkt. No. 20 and Genworth's Reply memorandum Dkt. No. 22 at 3.)

provisions." *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996) (emphasis in original).

In *Doctor's Assocs.*, the Court considered whether a Montana statute requiring "[n]otice that a contract is subject to arbitration" be "typed in underlined capital letters on the first page of the contract" was preempted by the FAA. *See Id.* (quoting MONT. CODE ANN. § 27-5-114(4)). In finding preemption, the Court stated:

> By enacting § 2, we have several times said, Congress precluded States from singling out arbitration provisions for suspect status, requiring instead that such provisions be placed upon the same footing as other contracts. Montana's § 27-5-114(4) directly conflicts with § 2 of the FAA because the State's law conditions the enforceability of arbitration agreements on compliance with a special notice requirement not applicable to contracts generally. The FAA thus displaces the Montana statute with respect to arbitration agreements covered by the Act.

*Doctor's Associates, Inc.* at 686 (internal citations omitted).

Utah's notice requirements are strikingly similar to those preempted by the *Doctor's Assocs.* decision. Like Montana, Utah requires arbitration provisions in insurance contracts to be capitalized and prominently displayed. UTAH ADMIN. CODE r.590-122-4-5. Additionally, both state's provisions apply only to arbitration clauses and are "not applicable to contracts generally." Therefore, under the rule in *Doctor's Assocs.*, Utah's statutory notice provisions are preempted by Section 2 of the FAA.[2]

---

[2] It is worth noting that many other courts have reached the same conclusion when evaluating the arbitration notice requirements of other states. *See, e.g., Woermann Constr. Co. v. SW Bell Tel. Co.*, 846 S.W.2d 790, 791 (Mo. App. 1993) (Missouri special notice provision for arbitration clauses requiring certain language in ten-point capital letters held preempted by Section 2 of the FAA); *Mr. Mudd, Inc. v. Petra Tech, Inc.*, 892 S.W.2d 389, 392 (Mo. App. 1995) (holding that "to the extent [state] law requires an arbitration clause to be conspicuous or disclosed in a particular way, it is preempted by the FAA"); *Taylor v. First North Am. Nat. Bank*, 325 F.Supp.2d 1304, 1312 (M.D. Ala. 2004) (holding that "to the extent [state] law requires an arbitration clause to be conspicuous or disclosed in a particular way, it is preempted by the FAA"); *Affiliated Foods Midwest Coop., Inc. v. Integrated Dist. Solutions, LLC*, 460 F.Supp.2d 1068, 1072 (D. Nebraska 2006) (Nebraska special notice provision for arbitration clause

4

## CONCLUSION

After reviewing the papers and records on file, and based on the foregoing reasons, this court finds that the issues involved in these proceedings are subject to arbitration under the written agreement between the parties. Accordingly, **IT IS ORDERED**, pursuant to 9 U.S.C. §§ 3, 4, that this matter is referred to arbitration and stayed until that arbitration has been concluded.

DATED this 8th day of ~~December, 2010,~~ January, 2011.

_____
Dee Benson
United States District Court Judge

---

requiring certain language in capital letters held preempted by Section 2 of the FAA).